*Decisions will be entered under Rule 155.*

ROBERT J. SULLIVAN AND BETTY J. SULLIVAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 16613–79.     Filed June 30, 1981.

---

Robert J. Sullivan, pro se.
*Thomas G. Hodel*, for the respondent.

OPINION

Nims, *Judge*: Respondent determined a deficiency in petitioners' income tax for 1976 in the amount of $4,705. The issue for decision is whether one-half of the lump-sum payments petitioners received during 1976 from qualified pension and profit-sharing plans, which amount was treated as long-term capital gain pursuant to section 402(a)(2),[1] is an item of tax preference subject to the minimum tax under section 56(a), as amended by the Tax Reform Act of 1976, Pub. L. 94–455, 90 Stat. 1520.

All the facts have been stipulated and are so found. The stipulation and the exhibits attached thereto are incorporated herein by reference.

The petitioners are husband and wife. They resided in Arvada, Colo. at the time the petition in this case was filed.

Robert J. Sullivan (petitioner) retired from his position as a trust officer for the First National Bank of Denver on March 19, 1976. Prior to his retirement, in about mid-February 1976, petitioner had to make an election regarding receipt of his pension plan distribution as an annuity or in the form of a lump-sum payment. Petitioner chose a lump-sum payment which amounted to $58,729 and which was received in about mid-April 1976.

Before September 30, 1976, petitioner had to make an election regarding receipt of his profit-sharing plan distribution as an annuity or in the form of a lump-sum payment. Petitioner chose a lump-sum payment which amounted to $24,008 and which was received on October 29, 1976.

The total amount of these distributions, $82,737, was reported by petitioners and is taxable as long-term capital gain pursuant to section 402(a)(2). Since petitioners had no other capital gains or losses during 1976, their net capital gain as reported was $82,737. Respondent contends that an amount equal to one-half

---

[1]All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise specifically indicated.

of petitioners' net capital gain for 1976, or $41,368, is an item of tax preference under section 57(a)(9)[2] and as such is subject to the minimum tax under section 56(a).

Petitioners first argue that the legislative history of the minimum tax provisions nowhere indicates a congressional intent to impose the minimum tax on lump-sum distributions from qualified pension and profit-sharing plans as tax preference items. Although such distributions are not specifically referred to in the legislative history of the minimum tax provisions, we do not think this absence is determinative of congressional intent. Aside from the fact that it would be nearly impossible to cite every single transaction that might be subject to the minimum tax, we think that the intent of Congress is most clearly evidenced by the statute itself which specifically includes one-half of an individual's net capital gains in the list of tax preference items under section 57(a)(9)(A).[3]

Petitioners next argue that section 402(a)(2) creates only what might be referred to as "deemed" capital gain which, in this case, should not be treated as capital gain for purposes of section 56 since there was no actual sale or exchange of a capital asset. To support this argument, petitioners rely upon the language of section 402(a)(2) which provided in relevant part as follows during the taxable year in issue:

SEC. 402. TAXABILITY OF BENEFICIARY OF EMPLOYEES' TRUST.
  (a) TAXABILITY OF BENEFICIARY OF EXEMPT TRUST.—

     *     *     *     *     *     *     *

  (2) CAPITAL GAINS TREATMENT FOR PORTION OF LUMP SUM DISTRIBUTION.—In the case of an employee trust described in section 401(a), which is exempt from tax under section 501(a), so much of the total taxable amount (as defined in subparagraph (D) of subsection (e)(4)) of a lump sum distribution as is equal to the product of such total taxable amount multiplied by a fraction—

---

[2]Sec. 57(a)(9) was amended by the Revenue Act of 1978, Pub. L. 95–600, 92 Stat. 2763. This amendment is effective for tax years ending after Oct. 31, 1978. Respondent's determination is based upon the statute as it was applicable to the tax year 1976.

[3]As in effect for 1976, the relevant part of sec. 57 provided as follows:

SEC. 57. ITEMS OF TAX PREFERENCE.
  (a) IN GENERAL.—For purposes of this part, the items of tax preference are—

     *     *     *     *     *     *     *

  (9) CAPITAL GAINS.—
    (A) INDIVIDUALS.—In the case of a taxpayer other than a corporation, an amount equal to one-half of the net capital gain for the taxable year.

(A) the numerator of which is the number of calendar years of active participation by the employee in such plan before January 1, 1974, and

(B) the denominator of which is the number of calendar years of active participation by the employee in such plan,

shall be treated as a gain from the sale or exchange of a capital asset held for more than 6 months * * *

As applied to petitioner's lump-sum distributions from qualified pension and profit-sharing plans, the statute provided that the entire amount of the distributions "shall be treated as a gain from the sale or exchange of a capital asset held for more than 6 months"; i.e., as long-term capital gain.

An argument strikingly similar to petitioners' was raised by the petitioners in *Parker v. Commissioner*, 74 T.C. 29, 32–34 (1980). In that case, the issue was whether the gain on the sale of assets used in a trade or business, which gain was treated as long-term capital gain pursuant to section 1231, was an item of tax preference subject to the minimum tax under section 56(a). Section 1231 provided that if the recognized gains on the sale or exchange of section 1231 property exceeded the recognized losses on the sale or exchange of such property, then such gains and losses "shall be considered as gains and losses from sales or exchanges of capital assets held for more than 6 months." In holding that one-half of the section 1231 capital gain was an item of tax preference under section 57(a)(9)(A) which was subject to the section 56 tax, the Court stated: "We can perceive no authority upon which we could base a holding that petitioners' long-term capital gain was long-term capital gain except for section 56 and 57 purposes." *Parker v. Commissioner, supra* at 33.[4]

The reasoning used in *Parker v. Commissioner, supra*, is equally applicable to petitioners' argument in this case. The minimum tax on tax preference items under section 56[5] was enacted in the Tax Reform Act of 1969, Pub. L. 91–172, sec.

---

[4] See also *Short v. Commissioner*, T.C. Memo. 1980–225. In that case, petitioner received an employee death benefit from the New York City Retirement System as a result of the death of her sister. It was decided that since the amount received was taxable as long-term capital gain, one-half of the payment was an item of tax preference pursuant to sec. 57(a)(9) subject to the minimum tax under sec. 56.

[5] SEC. 56. IMPOSITION OF TAX.

(a) GENERAL RULE.—In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, with respect to the income of every person, a tax equal to 15 percent of the amount by which the sum of the items of tax preference exceeds the greater

301(a), 83 Stat. 580, to assure that individuals and corporations receiving income in excess of a stated amount, which income was not fully taxable because granted a "preference" under other provisions of the Code, would pay at least a minimum of tax on this income.[6] Long-term capital gains, whether "deemed" capital gain or not, received preferred treatment by virtue of sections 1201 and 1202 inasmuch as such gains are not fully taxed. To assure that at least a minimum of tax was paid on the untaxed portion of long-term capital gains, section 57(a)(9)(A) includes one-half of an individual's net capital gain for the taxable year as an item of tax preference.[7]

We hold that one-half of petitioner's lump-sum distributions from qualified pension and profit-sharing plans is an item of tax preference within the meaning of section 57(a)(9)(A) and such amount is subject to the minimum tax under section 57(a).

Finally, petitioners contend that the minimum tax provisions have been retroactively applied to them unfairly and to their detriment. Petitioners received their lump-sum payments in April and October 1976. On October 4, 1976, the President signed the Tax Reform Act of 1976, Pub. L. 94–455, 90 Stat. 1520. Section 301 of that act amended section 56(a) by increasing the percentage rate of the minimum tax and by reducing the allowable exemption. Section 301(g)(1) provided that "the amendments made by this section shall apply to items of tax preference for taxable years beginning after December 31, 1975."

This issue has recently been decided by the U.S. Supreme Court in *United States v. Darusmont*, 449 U.S. 292 (1981). In that case, the Court, in a per curiam opinion, held that the effective date provision of the amendments to section 56(a) in the Tax Reform Act of 1976 was constitutional. Therefore, respondent properly determined petitioners' deficiency in tax for 1976 when he applied the provisions of section 56, as amended by the act.

---

of—

    (1) $10,000, or

    (2) the regular tax deduction for the taxable year (as determined under subsection (c)).

[6]See S. Rept. 91–552 (1969), 1969–3 C.B. 423, 430, 495.

[7]See note 3.

We have considered petitioners' other arguments and find them without merit.

*Decision will be entered for the respondent.*

